**DAYTON HYDRAULIC CO.,
Plaintiff-Appellant,**

v.

**UNITED STATES of America,
Defendant-Appellee.**

No. 77–3062.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 6, 1978.

Decided Feb. 16, 1979.

Roger J. Makley, Coolidge, Wall, Matusoff, Womsley & Lombard Co., L. P. A., Dayton, Ohio, for plaintiff-appellant.

James C. Cissell, U. S. Atty., Dayton, Ohio, Scott P. Crampton, Asst. Atty. Gen., Tax Div., U. S. Dept. of Justice, Myron C. Baum, Gilbert Andrews, Jr., Robert T. Duffy, Joseph L. Liegl, Leonard J. Henzke, Jr., Washington, D. C., for defendant-appellee.

Before LIVELY and KEITH, Circuit Judges, and LAWRENCE,* Senior District Judge.

PER CURIAM.

The only issue raised in this appeal from a judgment in favor of the Government is whether a corporation may escape capital gains tax on the increased value of shares of another corporation which it holds as an investment and which it distributes to its shareholders after the company issuing the shares has adopted and begun proceeding with a plan of liquidation and dissolution.

Dayton Hydraulic Company (Dayton) appeals from an adverse decision in a suit for refund of $120,793.28 in income taxes assessed against Dayton's predecessor, Frank Hill Smith, Inc. (Hill Smith), for the taxable year 1968. During 1967 and 1968, the pertinent times in this matter, Hill Smith was owned 88.6% by the Estate of Frank Hill Smith (the Estate) and 11% by another company which was wholly owned by the Estate. Thus, for all practical purposes, the Estate was the sole owner of Hill Smith.

During the relevant period, the Van Cleve Hotel Company (Van Cleve) owned property which it proposed to sell and thereupon to dissolve the corporation. Van Cleve was owned by 54 shareholders, with 2,468.25 (43.23%) of its shares being owned by Hill Smith. At a special meeting on October 27, 1967, Van Cleve's shareholders, by an affirmative vote of almost 95% of the outstanding shares, approved a plan of liquidation and dissolution of the Company. It appears that no subsequent meeting of the shareholders was called to discuss the

---

* Honorable Alexander A. Lawrence, Senior Judge, United States District Court for the Southern District of Georgia, sitting by designation.

proposal and no objections to such liquidation and dissolution were ever recorded subsequent to the meeting on October 27, 1967.

Hill Smith approved the resolution adopting the plan of liquidation and apparently would have resisted any attempt to rescind it. As rescission of this resolution required the vote of two-thirds of the outstanding shares, Hill Smith's ownership of 43.23 percent of the shares outstanding could have effectively blocked any such attempted change in plan. And at all times subsequent to the October 27, 1967 meeting where the plan of liquidation and dissolution was approved, Hill Smith fully expected the liquidation to be completed. The proposed plan of liquidation and dissolution qualified under § 337 of the Internal Revenue Code of 1954, as amended.[1]

The liquidation and dissolution of Van Cleve proceeded in accordance with the plan. The sale of Van Cleve's assets was completed on December 29, 1967 and possession delivered to the purchaser on December 31, 1967. Liquidating distributions were paid on January 12, 1968, March 17, 1968, and November 7, 1968.

On January 5, 1968, after the sale on December 29, and before the first liquidating distribution on January 12, 1968, Hill Smith redeemed 42 shares of its stock from the Estate in exchange for its 2,468.25 shares of Van Cleve Stock.[2] Consequently, all liquidating distributions were made directly to the Estate. Hill Smith did not report as income in 1968 any of the liquidating distributions paid by Van Cleve in respect to the shares transferred to the Estate. The Estate reported the distributions and treated them as income subject to capital gains treatment.[3]

The Commissioner determined that Hill Smith's distribution of the Van Cleve stock to the Estate constituted an anticipatory assignment of the liquidation proceeds Hill Smith was to receive from Van Cleve. Accordingly, the Commissioner determined that Hill Smith had additional capital gains income in 1968 equal to the difference between 1) the liquidating distributions constructively received by it but paid to the Estate and 2) Hill Smith's basis in the Van Cleve stock. Hill Smith paid the resulting assessment of tax, and Dayton filed a claim for refund as successor to Hill Smith.

This suit was instituted when the claim for refund was denied. The district court, following this Court's en banc decision in *Jones v. United States*, 531 F.2d 1343 (6th Cir. 1976), agreed with the Commissioner and held that Hill Smith's distribution of the Van Cleve shares to the Estate constituted an impermissible anticipatory assignment of income.[4] We agree.

The crux of the test adopted in *Jones, supra,* entails viewing the "realities and substances" of events to determine whether, by the time the transfer of stock occurs, "the liquidation plan [is] practically certain to be completed despite the remote and hypothetical possibility of abandonment," 531 F.2d at 1346. On this test, the instant case presents a far stronger fact situation for the Government than was presented in *Jones, supra.* In that case, the plan of liquidation had been ratified and approved by the shareholders at the time of the transfer but the only other steps toward liquidation was the Board's approval of several liquidation arrangements and a letter informing stockholders that the first liquidation dividends would be exchanged for stock some 3½ months later. There was at least a "remote and hypothetical possibility" that the plan of liquidation would be abandoned. By contrast, the "hypothetical

---

1. Section 337 provides that if the proposed liquidation and distribution is completed within 12 months of the adoption of the plan, the transaction is tax-free to the distributing corporation.

2. The parties have stipulated that this exchange was made pursuant to Internal Revenue Code § 303 to facilitate payment of estate and inheritance taxes. Section 303 thus provided

capital gains treatment of this exchange for estate tax purposes.

3. See note 2, *supra.*

4. The case was submitted to the district court without a jury upon an agreed statement of facts and memoranda.

possibility of abandonment" was even more remote in the instant case. As in *Jones*, the plan of liquidation was in conformity with § 337 and the taxpayer had every expectation that the liquidation proceedings would be completed. But more important, Van Cleve's assets had already been sold and transferred at the time the Van Cleve stock was transferred to the Estate. Further, the liquidation proceeds were distributed a mere seven days after the transfer of shares.

Appellant argues that this case may be distinguished from *Jones, supra*, for several reasons. One of the principal arguments is that the anticipatory assignment rule should not apply where a corporation uses assets to redeem the stock of a deceased shareholder because the estate requires the redemption as a means of raising cash for the payment of estate taxes. 26 U.S.C. § 303(a). The argument here is that appellant only passively responded to demands imposed by the Estate and that it had neither positive business nor tax-avoidance purpose for redeeming the stock. Appellant also notes that the attempted double dipping present in the *Jones* case is absent from the instant case. Finally, appellant argues the inequities of permitting this forced redemption to deplete its marketable assets in order to satisfy the requirements of the estate of its deceased shareholder.

Although appellant's argument based on the equities of the case is not without appeal, the Court is of the opinion that it falls short of establishing a distinction which commands a legal result different from that dictated by *Jones, supra*. Rather, "we think that no distinction can be taken according to the motives leading to the arrangement by which the fruits are attribut[able] to a different tree from that on which they grew," *Lucas v. Earl*, 281 U.S. 111, 115, 50 S.Ct. 241, 74 L.Ed. 731 (1930). Having concluded that this case is controlled by, and indistinguishable from, *Jones, supra*, the Court is of the opinion that appellant's transfer of stock to the Estate constituted an impermissible anticipatory assignment of income.

Accordingly, the judgment of the district court is affirmed.